IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MATTHEW ZETTLE, <br><br> Plaintiff, <br><br> v. <br><br> THE FAKHOURI FIRM, LLC, and ROBERT S. FAKHOURI, individually, <br><br> Defendants. | Case No. _____ <br><br> Calendar _____ <br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff, MATTHEW ZETTLE, by and through its undersigned counsel, states as follows as his Complaint against Defendants, THE FAKHOURI FIRM, LLC, and ROBERT S. FAKHOURI, individually (and hereinafter collectively as "DEFENDANTS"):

# THE PARTIES

1. Plaintiff, MATTHEW ZETTLE ("Mr. Zettle"), is an individual who presently resides in the State of Michigan.

2. Defendant, THE FAKHOURI FIRM, LLC ("TFF"), is an Illinois limited liability company and a Chicago based law firm. At all relevant times, TFF was doing business, and regularly and continuously transacting business in the State of Illinois and in this County, including at its principal place of business located in Chicago, Illinois.

3. Defendant, ROBERT S. FAKHOURI ("FAKHOURI"), is an individual. Upon information and belief, FAKHOURI resides in this County. FAKHOURI is a licensed Illinois attorney. At all relevant times, FAKHOURI was employed by, and/or acting for TFF.

**JURISDICTION AND VENUE**

4.  Jurisdiction is proper pursuant to this Court's diversity jurisdiction under 28 U.S.C, section 1332, because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States. Venue is proper in this District pursuant to 28 U.S.C., section 1391(b)(1) and (2) because all, or substantially all, of the actions or omissions occurred within this District and both Defendants reside within in this District.

**BACKGROUND FACTS**

5.  On or about December 4, 2014, Mr. Zettle suffered serious injuries after an elevator in which he was riding was negligently allowed to plummet.

6.  As a result, on or about March 11, 2016, Mr. Zettle retained DEFENDANTS to represent him in his personal injury action arising out of that December 2014 occurrence. That retention was pursuant to a written retainer agreement signed by the parties.

7.  In connection with that retention, DEFENDANTS represented to Mr. Zettle that he had a strong case, and that he could expect to receive a sizeable monetary sum by way of either settlement, or by way of judgment after a trial.

8.  On November 30, 2016, DEFENDANTS filed a lawsuit in the Circuit Court of Cook County on behalf of Mr. Zettle, Case No. 2016 L 011690 (hereinafter "the Lawsuit").

9.  Thereafter, on or about February 22, 2017, DEFENDANTS filed an Amended Complaint in the Lawsuit. That Amended Complaint consisted of five counts, and named four defendants.

10. On March 27, 2017, because of the DEFENDANTS' failures to appear in Court in connection with the Lawsuit and to prosecute that action, the Court dismissed the Lawsuit for want of prosecution.

11.     On May 2, 2017, DEFENDANTS filed a Motion on behalf of Mr. Zettle in the Lawsuit to Vacate the March 27, 2017 dismissal Order.  DEFENDANTS did <u>not</u> notify Mr. Zettle of that filing.

12.     On May 10, 2017, the Motion to Vacate was up before the Court in the Lawsuit, but DEFENDANTS did not appear.  Accordingly, the Motion to Vacate was stricken.  DEFENDANTS did <u>not</u> notify Mr. Zettle of that Order, or of the fact that they had failed to appear.

13.     Approximately three months later, on August 4, 2017, DEFENDANTS filed another Motion to Vacate the dismissal of the Lawsuit.  DEFENDANTS did <u>not</u> notify Mr. Zettle of that filing, or of the hearing date for which it was noticed.

14.     On August 17, 2017, the Court vacated the dismissal of the Lawsuit.  DEFENDANTS did <u>not</u> notify Mr. Zettle of that Order, or of the fact that a hearing was held on that date.

15.     On September 25, 2017, the Court in the Lawsuit entered an Order that provided, *inter alia*, that the case would be dismissed if DEFENDANTS did not appear in Court for the next status hearing – after they failed to appear in Court on that date.  DEFENDANTS did <u>not</u> notify Mr. Zettle of that Order, or of the fact that a hearing was held on that date, or of the fact that they had failed to appear in Court.

16.     On November 20, 2017, the Court in the Lawsuit entered an Order that provided, *inter alia*, that DEFENDANTS were required to appear the next time the case was up for status hearing, or that the case would be dismissed for want of prosecution.  DEFENDANTS did <u>not</u> notify Mr. Zettle of that Order, or of the fact that a hearing was held on that date, or of the fact that they had failed to appear in Court.

17. On March 19, 2018, the Court in the Lawsuit again dismissed that case for want of prosecution based upon DEFENDANTS' failure to prosecute the case, for their repeated failures to appear in Court, and for their failures to comply with discovery and Orders regarding the same. DEFENDANTS did <u>not</u> notify Mr. Zettle of that Order, or of the fact that a hearing was held on that date.

18. On April 3, 2018, DEFENDANTS filed a Motion to Vacate that dismissal Order of March 19, 2018. In that filing, DEFENDANTS acknowledged that they had not appeared in Court on March 19, 2018, and further alleged that Mr. Zettle had a meritorious case against the defendants in that action. DEFENDANTS did <u>not</u> notify Mr. Zettle of that filing, or of the fact that a hearing had been noticed or scheduled on that motion.

19. On April 11, 2018, the Court in the Lawsuit struck that Motion to Vacate after DEFENDANTS failed to appear. DEFENDANTS did <u>not</u> notify Mr. Zettle of that Order, or of the fact that a hearing had taken place on April 11, or that they had failed to appear in Court on that date.

20. On April 25, 2018, DEFENDANTS re-filed their previously filed April 3, 2018 Motion to Vacate.

21. On May 10, 2018, the Court in the Lawsuit entered an Order striking the Motion to Vacate from the Court's call. DEFENDANTS did <u>not</u> notify Mr. Zettle of that filing, or that they had failed to appear in Court.

22. On May 17, 2018, one of DEFENDANTS' clerks contacted Mr. Zettle by way of e-mail, requesting certain information from him regarding the Lawsuit. Nowhere in that communication was it brought to Mr. Zettle's attention that there were any problems or issues with respect to his case, nor was it mentioned that the above-referenced Motion to Vacate motion practice was

4

underway, nor was it mentioned that the Lawsuit had been dismissed. That May 17, 2018 communication appears to have been part of a calculated attempt to mislead Mr. Zettle.

23. On May 21, 2018, DEFENDANTS filed a Petition to Vacate the Dismissal of the lawsuit for want of prosecution, and noticed it for hearing on May 31, 2018. DEFENDANTS did <u>not</u> notify Mr. Zettle of that filing, or of the hearing that had been noticed for May 31, 2018.

24. On May 31, 2018, the Court in the Lawsuit entered an Order denying the Motion to Vacate the dismissal of the Lawsuit, and made that a final and appealable Order. DEFENDANTS did <u>not</u> notify Mr. Zettle of that Order, or of the fact that a hearing had been held, or that is was a final and appealable Order, or that an appeal could be filed with respect to that Order.

25. Following the entry of that May 31, 2018 Order, DEFENDANTS intentionally avoided communicating with Mr. Zettle, and refused to communicate with him or to respond to his inquiries.

26. In or about January 2019, Mr. Zettle was contacted by a bill collector from MedChex who informed Mr. Zettle that he was no longer being represented by the DEFENDANTS. That was Mr. Zettle's first knowledge of that fact. This call from Medchex came despite the fact that Mr. Zettle had engaged in e-mail communications with DEFENDANTS in or about November and December of 2018 by way of sending them information.

27. In any event, as a result of Mr. Zettle's communication with MedChex, Mr. Zettle attempted to contact FAKHOURI for a period of a couple weeks, without any response from him.

28. In or about late February 2019, Defendant FAKHOURI finally engaged in a telephone conference with Mr. Zettle, and asked to meet with Mr. Zettle. FAKHOURI stated to Mr. Zettle

that he wanted to "make things right" with Mr. Zettle. During that call, FAKHOURI further claimed to Mr. Zettle that he had been inattentive to Mr. Zettle's case for a reason that will not be specified herein to avoid potential embarrassment to the DEFENDANTS – if in fact the reason provided by FAKHOURI is true. However, based upon the fact that FAKHOURI was regularly communicating with counsel for the defendants in the Lawsuit, and never raised the reason he provided to Mr. Zettle to either defendants' counsel in the Lawsuit or to the Court, it appears that the reason provided by FAKHOURI to Mr. Zettle was false, and intentionally so. That false reason was meant to elicit sympathy.

29. After Mr. Zettle's present counsel was retained and requested Mr. Zettle's file from DEFENDANTS, the DEFENDANTS repeatedly delayed and put off producing Mr. Zettle's file. DEFENDANTS finally produce that file on or about March 11, 2019.

**LEGAL CLAIMS**

## COUNT I

30. Mr. Zettle incorporates by reference, and re-alleges as though fully set forth herein, paragraph 1 through 29 above as paragraph 30 of Count I.

31. As counsel for Mr. Zettle, DEFENDANTS owed Mr. Zettle a duty of care to, among other things, advise and counsel him regarding the status of the Lawsuit, including but not limited to, filings made by the parties, deadlines set by the Court, and Orders entered by the Court; prosecute Mr. Zettle's claims in the Lawsuit; comply with Orders entered by the Court in the Lawsuit; respond to discovery requests in the Lawsuit, and Court Order with respect to the same, to prosecute an appeal, if necessary and/or notify Mr. Zettle of the deadline for filing an appeal; and to timely advise Mr. Zettle of developments in the case.

32. By way of their actions and failures to act as set forth above, DEFENDANTS breached their professional duties and the applicable standard of care.

33. As a direct and proximate result of DEFENDANTS' breaches of their professional duties and the applicable standard of care, Mr. Zettle has and will continue to suffer monetary damages in an amount in excess of several hundred thousand dollars.

34. But for DEFENDANTS' breaches of their professional duties and the applicable standard of care, Mr. Zettle would have either received a substantial settlement in the Lawsuit, or obtained and collected a substantial verdict in the Lawsuit.

**WHEREFORE**, Plaintiff, Matthew Zettle, by and through his undersigned counsel, respectfully prays for the entry of judgment in its favor and against the Defendants, THE FAKHOURI FIRM, LLC, and ROBERT S. FAKHOURI, on Count I of this Complaint, in an amount in excess of $75,000 and to be more specifically proven at trial, for all interest to which he is entitled to recover, for his costs, and for all such other and further relief as is appropriate under the circumstances.

<u>**JURY TRIAL DEMANDED**</u>

**RESPECTFULLY SUBMITTED**,

By:<u>/s/ Michael I. Leonard</u>
**Counsel for Plaintiff**

**LEONARDMEYER LLP**
Michael I. Leonard
120 North LaSalle, 20TH Floor
Chicago, Illinois 60602
(312)380-6559 (direct)
(312)264-0671 (fax)
mleonard@leonardmeyerllp.com
Law Firm I.D. No. 59135